UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-04745-RGK (DTBx) | Date | March 20, 2013 |
|---|---|---|---|
| Title | **EGELHOFF v. PACIFIC LIGHTWAVE LLC, et al** | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| S. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** **(IN CHAMBERS) Order Re: Defendant Cove Electric's Motion for Judgment on the Pleadings (DE 43)**

**I.    INTRODUCTION**

On May 30, 2012, Dale Egelhoff ("Egelhoff") and his wife, Laurie, filed a Complaint against several defendants. The Complaint alleges copyright infringement and various other state law claims, including breach of contract. Defendant Cove Electric is named as a defendant in only the second claim for breach of contract.

Currently pending before the Court is Cove Electric's Motion for Judgment on the Pleadings. For the following reasons, the Court **GRANTS** the Motion.

**II.    FACTUAL BACKGROUND**

In April 2007, Larry Bojkovsky ("Bojkovsky") on behalf of his company, Linknet Communications, Inc. ("Linknet"), hired Egelhoff to perform telecommunications operations at a rate of $5,000 per month.[1] Bojkovsky paid Egelhoff a consulting fee through another company he owned, Cove Electric, even though Egelhoff was neither a consultant nor an employee of either Linknet or Cove Electric. Egelhoff alleges that he and Bojkovsky entered into a new agreement in October 2007 where Egelhoff would work as a full-time independent contractor for Cove Electric for $7,500 per month for the remainder of 2007, and would start drawing a salary of $150,000 per year in January, 2008.

Shortly thereafter, Bojkovsky decided to transition Linknet to his son, who would run the business with Egelhoff's assistance. As a result of the new arrangement, Egelhoff and Bojkovsky orally agreed to maintain Egelhoff's pay as a contractor at $7,500 per month through 2008. Egelhoff would also receive a $60,000 bonus at the end of 2008 to bring his total 2008 compensation to $150,000.

---

[1] Neither Bojkovsky nor Linknet are parties to this action.

Additionally, Egelhoff would receive a 1099 form at the end of each year.

In April 2009, Egelhoff approached Cove Electric and requested a 1099 form for 2008 as well as the $60,000 bonus. The CFO of Cove Electric informed him that Cove Electric decided not to give him a bonus that year and also did not provide a 1099 form. Cove Electric never paid Egelhoff the $60,000 bonus for 2008.

### III.     JUDICIAL STANDARD

Under Federal Rule of Civil Procedure 12(c), a defendant may challenge the legal sufficiency of the claims asserted in the complaint after an answer has been filed. A motion for judgment on the pleadings pursuant to Rule 12(c) is "functionally identical" to a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), and thus the same standard applies. *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).

Under Rule 12(b)(6), dismissal "is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To withstand a motion to dismiss, a pleading must contain sufficient factual allegations that, accepted as true, state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A claim is facially plausible when there are sufficient factual allegations to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* A complaint does not need detailed factual allegations, but a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

When ruling on a Rule 12(b)(6) motion the court must assume the allegations in the challenged complaint are true and construe the complaint in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). However, the court need not accept as true conclusory legal allegations; threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Iqbal*, 556 U.S. at 663. The court shall not consider facts outside the complaint. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

### IV.     DISCUSSION

Cove Electric argues Egelhoff has failed to state a claim for breach of contract. Specifically, Cove Electric argues that Egelhoff's claim, which is based on an oral contract, is barred by the statute of limitations. For the following reasons, the Court agrees.

Under the California Code of Civil Procedure, the statute of limitations for oral contracts is two years. Cal. Code Civ. Proc. § 339.

The allegations in Egelhoff's second claim explicitly state Cove Electric breached an oral contract. (Compl. ¶¶ 75-77.) The claim also references the preceding paragraphs, including the 60 paragraphs of general factual allegations. However, none of the allegations contradict those set forth in the claim that identify the contract as oral. As such, the two year statute of limitations applies.

According to the Complaint, Cove Electric, through Bojkovsky, agreed to pay Egelhoff a $60,000 bonus after the end of 2008. In April 2009, when Egelhoff requested the bonus, Cove Electric stated that he would not receive the bonus. Therefore, the facts alleged in the Complaint show that the breach occurred in April, 2009. Court records indicate that Egelhoff filed his Complaint on May 30, 2012, more than three years after the breach. Based on these facts, it appears that Egelhoff's claim for

breach of contract is barred by the applicable statute of limitations.

By way of his Opposition, Egelhoff makes two arguments: (1) the agreement in question was expressed in writing, and thus the four-year statute of limitations for written contracts should apply; and (2) even if the agreement was oral, the statute of limitations would not have started to run until November, 2010. The Court finds Egelhoff's arguments unpersuasive.

In support of his first argument, Egelhoff correctly states that where correspondence between the parties forms or memorializes the subject agreement, or any part of it, such agreement is "in writing" for purposes of the statutes of limitations and § 339 does not apply. *Ravel v. Hubbard*, 112 Cal. App. 2d 255, 259 (1952). This is true even if the initial agreement, or some portion of the agreement, was expressly oral. *Twining v. Thompson*, 68 Cal. App. 2d 104, 110 (1945). Egelhoff asserts the contract should be considered "written" because it is not specifically referred to as an "oral contract" in several paragraphs of the Complaint.
(Compl. ¶¶ 14, 16, 17.) Additionally, Egelhoff offers as supporting evidence e-mail correspondence with Cove Electric's CFO in which he requested the $60,000 bonus. Neither contention, however, establishes a written contract. First, the Complaint clearly indicates that the contract giving rise to the claim was oral. Where the Complaint fails to specifically identify the agreement as oral, it is reasonable to infer that the Complaint refers to the same oral contract that is the subject matter of the claim. Any argument to the contrary is unreasonable. Second, e-mail correspondence requesting the fulfillment of the contract does not qualify as correspondence that forms or memorializes the agreement.

As to the date on which the limitations period began, Egelhoff argues that he voluntarily postponed his payment from Cove Electric, and realized he would never receive the bonus only after Simon and Allison Bojkovsky informed him of that in November, 2009. (Compl. ¶ 49.) However, Egelhoff alleges in his Complaint that Cove Electric agreed to pay the $60,000 bonus at the end of 2008. The Complaint also states that Egelhoff became aware of Cove Electric's breach of the agreement in April, 2009. Nowhere in the Complaint does Egelhoff allege that the terms of the contract were ever modified. As such the Court finds that the statute of limitations began in April 2009.

Based on the discussion above, the Court finds that the two-year statute of limitations bars Egelhoff's claim against Cove Electric. Accordingly, the Court need not address whether Plaintiff adequately pled a claim for breach of contract.

### V.     CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion for Judgment on the Pleadings. Plaintiff's second claim for breach of contract against Cove Electric is dismissed.

**IT IS SO ORDERED.**

                                                                                                                       :
                                                        Initials of Preparer